IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> KAYLENE EDNA MAE STABLER, <br><br> Defendant. | 4:17-CR-3123 <br><br> MEMORANDUM AND ORDER |

This matter is before the Court on the Magistrate Judge's Findings and Recommendation on a Guilty Plea (filing 89) recommending that the Court accept the defendant's plea of guilty. There are no objections to the findings and recommendation. Pursuant to 28 U.S.C. § 636(b)(1)(C) and NECrimR 11.2(d), the Court has conducted a de novo review of the record and adopts the findings and recommendation of the Magistrate Judge.

The Court notes that at the change of plea hearing (filing 101), the Magistrate Judge did not inform the defendant of "the court's authority to order restitution[.]" *See* Fed. R. Crim. P. 11(b)(1)(K). However, the Court finds that the omission was harmless, because it did not affect the defendant's substantial rights. See Rule 11(h). While the defendant was not informed in open court about the Court's authority to order restitution,[1] the petition to enter guilty plea establishes that the defendant was informed of the possibility of restitution. Filing 88 at 4. The defendant indicated that she had read each question of the petition, and that she answered each question

---

[1] Restitution is mandatory in this case. *See* 18 U.S.C. § 3663A; *see also United States v. Benedict*, 855 F.3d 880, 887 (8th Cir.), *cert. denied sub nom. Carpenter v. United States*, 138 S. Ct. 341 (2017), and *cert. denied,* 138 S. Ct. 348 (2017).

before signing the petition. Filing 101 at 7-8. The defendant testified that all of her answers in the petition were truthful. Filing 101 at 8.

The Court also notes that the defendant was advised in court that each of the two offenses to which she pled guilty carried a potential fine of up to $250,000—amounts well in excess of the amounts alleged to have been taken in the robberies with which the defendant was charged. Filing 101 at 6, 11; *see* filing 1. The Eighth Circuit has held that the failure to advise a defendant of the court's authority to order restitution is harmless where the defendant is warned of a potential fine larger than the actual amount of restitution ordered. *United States v. Molzen*, 382 F.3d 805, 806 (8th Cir. 2004).

Having reviewed the record, the Court is persuaded that any omission from the Rule 11 colloquy was harmless, as it did not affect the defendant's substantial rights. *See*, *United States v. Gillen*, 449 F.3d 898, 903-04 (8th Cir. 2006); *United States v. McCarthy*, 97 F.3d 1562, 1574-76 (8th Cir. 1996); *United States v. Young*, 927 F.2d 1060, 1061-63 (8th Cir. 1991). The defendant's decision to plead guilty could not have been affected by the Magistrate Judge's failure to tell the defendant what she already knew. *Young*, 927 F.2d at 1063. The Court also notes that neither party has objected to the findings and recommendation, meaning that any objection has been waived. See *Peretz v. United States*, 501 U.S. 923, 936-39 (1991).

IT IS ORDERED:

1. The Magistrate Judge's Findings and Recommendation on a Guilty Plea are adopted.

2. The defendant is found guilty. The plea is accepted. The Court finds that the plea of guilty is knowing, intelligent, and voluntary, and that a factual basis exists for the plea.

3. This case shall proceed to sentencing.

Dated this 5th day of April, 2018.

BY THE COURT:

John M. Gerrard
United States District Judge