IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:17-CR-3123 |
| vs. | |
| KAYLENE EDNA MAE STABLER, | TENTATIVE FINDINGS |
| Defendant. | |

The Court has received the revised presentence investigation report in this case. The defendant has objected to the presentence report (filing 127) and filed a motion for variance (filing 128).

IT IS ORDERED:

1. The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005) and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

    (a) give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

(b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

(c) impose upon the United States the burden of proof on all Guidelines enhancements;

(d) impose upon the defendant the burden of proof on all Guidelines mitigators;

(e) depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

(f) in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2. The defendant has objected to the presentence report on several points. Filing 127. She objects that she wasn't involved and didn't know about the March 16, 2017 robbery perpetrated by the conspiracy, and she disagrees with some of the facts represented in the presentence report. Filing 127 at 1. So, she contends, the total offense level should be 22, not 24.

The defendant does not explain her reasoning in detail, but the Court infers the following: the presentence report relies on the March 16 robbery for two enhancements to the offense level for

the conspiracy charge: a 2-level enhancement for taking the property of a financial institution and a 3-level enhancement for possessing and brandishing a dangerous weapon. The presentence report holds the defendant accountable for the robberies in which she was specifically involved—presumably based on a finding that the other robberies weren't reasonably foreseeable.[1] *See* U.S.S.G. § 1B1.3(a)(1)(B). And if those 5 levels weren't attributed to the conspiracy charge—that is, if the offense level for conspiracy was 20—then the multiple count adjustment would be a 1-level enhancement instead of 2-level. *See* U.S.S.G. § 3D1.4(b). (It is still unclear to the Court how the defendant reached a proposed offense level of 22, instead of 23).

If the defendant objects to any of the factual allegations contained in the presentence report on an issue on which the government has the burden of proof, such as the base offense level and any enhancing factors, the government must present evidence at the sentencing hearing to prove the existence of the disputed facts. *United States v. Poor Bear*, 359 F.3d 1038, 1041 (8th Cir. 2004). Accordingly, the Court will resolve this objection on the evidence and argument presented at sentencing.

3. The defendant has also moved for a downward variance. Filing 128. But the defendant's motion does not articulate the basis for variance, and the defendant has not filed the brief required by paragraph 6(e) of the sentencing schedule. *See* filing 90 at 2. The

---

[1] The Court, of course, may conclude otherwise. *See United States v. Willis*, 997 F.2d 407, 416-17 (8th Cir. 1993); *see also United States v. Korn*, 138 F.3d 1239, 1241 (8th Cir. 1998).

Court will, nonetheless, consider at sentencing whether the § 3553(a) factors warrant a non-Guidelines sentence.

4. Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

5. If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

6. Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

7. Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 4th day of June, 2018.

BY THE COURT:

John M. Gerrard
United States District Judge